

**U.S. Department of Justice**

*United States Attorney*

*District of New Jersey*

*CRAIG CARPENITO*
*United States Attorney*

*CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE*    *856.968.4925*
*401 Market Street, 4th Floor*    *Fax: 856.968.4917*
*Post Office Box 2098*
*Camden New Jersey 08102*

*KRISTEN M. HARBERG*
*Assistant U.S. Attorneys*

July 1, 2020

Lisa Evans Lewis, Esquire
Federal Public Defender's Office
800 Cooper Street, Suite 350
Camden, New Jersey 08102

CR. 21-173 (RBK)

Re:  Plea Agreement with Richard Tobin

Dear Ms. Lewis:

This letter sets forth the plea agreement between your client, Richard Tobin, the United States Attorney for the District of New Jersey, and the United States Department of Justice Civil Rights Division ("the Government").

### Charge

Conditioned on the understandings specified below, the Government will accept a guilty plea from defendant Richard Tobin to a one-count Information which charges him with conspiracy against rights, in violation of 18 U.S.C. § 241.  If Richard Tobin enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, the Government will not initiate any further criminal charges against Richard Tobin for his role in the conspiracy set forth in the criminal complaint, Mag. No. 19-mj-5644 (KMW). However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Richard Tobin may be commenced against him, notwithstanding the expiration of the limitations period after Richard Tobin signs the agreement.

### Sentencing

The violation of 18 U.S.C. § 241 to which Richard Tobin agrees to plead guilty carries a statutory maximum prison sentence of 10 years, and a statutory maximum fine equal to the greatest of:  (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.  Fines imposed by the sentencing judge may be subject to the payment of interest.

1

The sentence to be imposed upon Richard Tobin is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The Government cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Richard Tobin ultimately will receive.

Further, in addition to imposing any other penalty on Richard Tobin, the sentencing judge: (1) will order Richard Tobin to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Richard Tobin to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) may order Richard Tobin, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to pursuant to 18 U.S.C. § 3583, may require Richard Tobin to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Richard Tobin be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Richard Tobin may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Richard Tobin agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense.

## Rights of The Government Regarding Sentencing

Except as otherwise provided in this agreement, the Government reserves its right to take any position with respect to the appropriate sentence to be imposed on Richard Tobin by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, the Government may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Richard Tobin's activities and relevant conduct with respect to this case.

## Stipulations

The Government and Richard Tobin agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of the Government is based on the information and evidence that the Government possesses as of the date of this agreement. Thus, if the Government obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, the Government shall not be bound by any such stipulation. A determination that

any stipulation is not binding shall not release either the Government or Richard Tobin from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, the Government and Richard Tobin waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the United States Department of Justice Civil Rights Division, and cannot bind other federal, state, or local authorities. However, the Government will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Richard Tobin. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Richard Tobin.

No provision of this agreement shall preclude Richard Tobin from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Richard Tobin received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

       This agreement constitutes the plea agreement between Richard Tobin and the Government and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                              Very truly yours,

                              CRAIG CARPENITO
                              United States Attorney

                              PAM KARLAN
                              Principle Deputy Assistant Attorney General
                              Civil Rights Division

                          By:  KRISTEN M. HARBERG
                              Assistant U.S. Attorney

APPROVED:

_____
ANDREW CAREY
Assistant U.S. Attorney
Attorney-in-Charge, Camden Branch

I have received this letter from my attorney, Lisa Evans Lewis, Esquire.  I have read it.
My attorney and I have discussed it and all of its provisions, including those addressing the
charge, sentencing, stipulations, waiver, and immigration consequences.  I understand this letter
fully.  I hereby accept its terms and conditions and acknowledge that it constitutes the plea
agreement between the parties.  I understand that no additional promises, agreements, or
conditions have been made or will be made unless set forth in writing and signed by the parties.
I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____     Date: 01\07\21
RICHARD TOBIN


I have discussed with my client this plea agreement and all of its provisions, including
those addressing the charge, sentencing, stipulations, waiver, and immigration consequences.
My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____     Date:     1/15/21
LISA EVANS LEWIS, ESQUIRE

5

Plea Agreement with Richard Tobin

Schedule A

1.      The Government and Richard Tobin recognize that the United States Sentencing Guidelines are not binding upon the Court. The Government and Richard Tobin nevertheless agree to the stipulations set forth herein.

2.      The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3.      The applicable guideline for conspiracy against rights is U.S.S.G. § 2H1.1. The Base Offense Level is 12 because the offense involved two or more participants. See U.S.S.G. § 2H1.1(a)(2).

4.      The parties agree that an upward adjustment of 3 levels is appropriate because the defendant intentionally selected a victim or property as the object of the offense of conviction because of the actual or perceived religion of any person. See U.S.S.G. § 3A1.1(a).

5.      As of the date of this letter, Richard Tobin has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Richard Tobin's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

5.      In accordance with the above, the parties agree that the total Guidelines offense level applicable to Richard Tobin is 13 (the "agreed total Guidelines offense level").

6.      The parties agree not to seek or argue for any upward or downward adjustments not otherwise set forth herein at Step I of sentencing. The parties further agree not to seek or argue for any upward or downward departures not otherwise set forth herein at Step II of sentencing. The defendant also reserves the right to argue at Step III of sentencing for a downward variance pursuant to the factors set forth in 18 U.S.C. § 3553(a). The United States reserves the right to oppose any such application. Finally, the parties agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 13 is reasonable.

7.      Richard Tobin knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13. The Government will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 13. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

6

8.     Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.