PROB 12B
(6/21)

# United States District Court

## for

## District of New Jersey

## Request for Modifying the Conditions or Term of Supervision with Consent of the Individual Under Supervision

### *(Probation Form 49, Waiver of Hearing is Attached)*

Name of Individual Under Supervision: Richard Tobin
        Cr.: 21-00173-001
        PACTS #: 6629593

Name of Sentencing Judicial Officer:    THE HONORABLE ROBERT B. KUGLER
                                 SENIOR UNITED STATES DISTRICT JUDGE

Date of Original Sentence: 11/16/2021

Original Offense:    Conspiracy Against Civil Rights, in violation of 18 U.S.C. § 241, a Class C Felony

Original Sentence: 12 months and 1 day imprisonment, 3 years supervised release

Special Conditions: Special Assessment, Restitution - $7,000, Community Service – 150 Hours, Computer Monitoring Software, Computer Search/Monitoring Software, Financial Disclosure, Gang Associate/Member Restriction, Life Skills Counseling, Education/Training Requirements, Mental Health Treatment, No New Debt/Credit, Place Restriction Area

Type of Supervision: Supervised Release        Date Supervision Commenced: 06/15/2022

## PETITIONING THE COURT

☐    To extend the term of supervision for _____ years, for a total term of _____ years.

☑    To modify the conditions of supervision as follows:

### ALCOHOL/DRUG TESTING AND TREATMENT

You must refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and the use of alcohol, and must submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you must submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You must abide by the rules of any program and must remain in treatment until satisfactorily discharged by the Court. You must alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The U.S. Probation Office will supervise your compliance with this condition.

### CAUSE

On June 12, 2024, an unannounced home inspection was conducted. During this inspection, the undersigned officer noticed many concerning things: dog feces throughout the apartment, loose food on the floor, cigarette butts piled in Tobin's room, and many empty beer bottles. During this inspection, Tobin stated that his bedroom and the apartment are more likely to occur when he is in depressive like states. Tobin stated he had been in this state about one month, and that he had disclosed this to his therapist and psychiatrist. The undersigned officer also informed Tobin there was concern about the amount of alcohol he has admitted to consuming, and that were visible, given his report of depression and because he was

currently prescribed and actively taking psychotropic medication. The undersigned officer presented a task to Tobin to clean his room prior to his next home visit, which he acknowledged. The undersigned officer also discussed the condition of Tobin's residence, his alcohol consumption, and his reported symptoms of depression with his therapist and psychiatrist. It was their clinical advice that Tobin should not consume alcohol.

On June 27, 2024, an unannounced home inspection was conducted. Upon arrival, approximately 6:30AM, Tobin stated he was just going to sleep, as he was up all-night playing video games. Upon inspection of Tobin's residence, it was found that it was not in better condition, and it appeared there were more empty beer bottles than before. Tobin had not made progress on the condition of his bedroom. When questioned about this, Tobin stated he was consuming more alcohol. He also reported being in the same mental state as two weeks prior. Tobin denied any suicidal ideations and only reported a lack of motivation. When asked what the undersigned officer could do to help him, Tobin stated he wished to have assistance in securing employment. The undersigned officer discussed resources provided to Tobin over the last few months by his previous officer and Tobin was encouraged to follow through with those referrals and recommendations. The undersigned officer discussed this home inspection and the condition of Tobin's residence again with his treatment team. It was recommended that the doctor would meet with Tobin to discuss intensive outpatient treatment, or partial care (mental health programming). However, upon the therapist meeting with Tobin, he was in a better mood, had reported goals, and appeared to be much more open to the idea of his struggle mentally, including his issue with alcohol.

On July 21, 2024, an unannounced home inspection was conducted. Tobin's residence appeared to be better kept, the cigarette butts were no longer piled in his bedroom, and the dog feces was almost non-existent; however, there were still empty beer bottles. Tobin stated he had not consumed alcohol in over a week. During this visit, Tobin was presented with a waiver to include the above-mentioned condition, which he consented to. While Tobin has self-reported his alcohol consumption, given the nature of his crime, his current mental health diagnoses, and his current prescriptions, it has been recommended and agreed by both Tobin's psychiatrist and therapist, as well as the Probation Office, that Tobin not be permitted to consume alcohol during his term of supervision. The consumption of alcohol does not appear to be conducive to his mental health, as it only appears to exasperate his symptoms given the conversations, lack of motivation, and home inspections over the last month.

The Probation Office also reports non-compliance in regard to Tobin's failure to pay his court ordered restitution. As of this date, Tobin has paid his $100 special assessment in full and made a $10 payment on May 7, 2024. Additionally, on May 27, 2024, the Treasury Offset Program (TOP) garnished Tobin's tax refund in the amount of $174.72. Tobin has failed to make any additional payments and remains unemployed. As of this date, Tobin reported having an interview at a t-shirt shop in Gloucester City on July 23, 2024.

The Probation Office respectfully recommends that Your Honor approve the modification as noted above due to recent alcohol use, coupled with his symptoms of depression. We will apprize the Court of any further noncompliance.

Prob 12B – page 3
Richard Tobin

Respectfully submitted,

SUSAN M. SMALLEY, Chief
U.S. Probation Officer

By:   ERIN A. DESILVA
        Senior U.S. Probation Officer

/ ead

APPROVED:

_____    7/23/2024
STEVEN ALFREY                      Date
Supervising U.S. Probation Officer

THE COURT ORDERS:

☐  The Extension of Supervision as Noted Above
☑  The Modification of Conditions as Noted Above (as recommended by the Probation Office)
☐  No Action
☐  Other

_____
Signature of Judicial Officer

07/24/2024
Date

PROB 49
(4/19)

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

☐　To extend the term of supervision for _____ years, for a total term of _____ years.

☑　To modify the conditions of supervision as follows:

**ALCOHOL/DRUG TESTING AND TREATMENT**

You must refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and the use of alcohol, and must submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you must submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You must abide by the rules of any program and must remain in treatment until satisfactorily discharged by the Court. You must alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The U.S. Probation Office will supervise your compliance with this condition.

Witness: _____
Senior U.S. Probation Officer
Erin A. DeSilva

Signed: _____
Probationer or Supervised Releasee
Richard Tobin

_____
7/22/2024
Date