NJProb 12C/D
(10/24)

# United States Probation Office
## United States District Court
## for the District of New Jersey

### Petition for Summons or Warrant for Individual under Supervision

December 10, 2024

**Name of Individual Under Supervision:** Richard Tobin  **Docket Number:** 21-00173-001
**Reg. Number:** 73122-050  **PACTS Number:** 6629593

**Name of Judicial Officer:**  THE HONORABLE ROBERT B. KUGLER
SENIOR UNITED STATES DISTRICT JUDGE
(Reassigned to the Hon. Christine P. O'Hearn on July 23, 2024)

**Original Offense:** Conspiracy Against Civil Rights, in violation of 18 U.S.C. § 241, a Class C Felony

**Original Sentence:** Imposed on 11/16/2021; 366 days imprisonment, 3 years supervised release

**Current Custodial Status:** At liberty

**Special Conditions:** Special Assessment ($100), Restitution ($7000), Community Service (150 hours), Computer Monitoring Software, Computer Search, Computer Search for Monitoring Software, Financial Disclosure, Gang Associate/Member, Gang Restriction Court Ordered, Life Skills Counseling, Education/Training Requirements, Mental Health Treatment, No New Debt/Credit, Place Restriction Area

**Date Supervision Commenced:** 06/15/2022  **Date Supervision Expires:** 06/14/2025

**Assistant U.S. Attorney:** Kristen M. Harberg, 401 Market St., 4th Floor, Camden, New Jersey 08101, (856) 757-5026

**Defense Attorney:** To be assigned, Federal Defenders Office, 800 Cooper Street, Suite 350, Camden, New Jersey 08102, (856) 757-5341

---

### PETITIONING THE COURT:

☐ To issue a warrant
☒ To issue a summons
☐ To amend a previously filed petition

### THE COURT ORDERS:

☐ The Issuance of a Warrant. *THIS DOCUMENT SHALL BE SEALED UNTIL ARREST OF THE INDIVIDUAL UNDER SUPERVISION.*

☒ The Issuance of a Summons (as recommended by Probation).
Date and time of initial appearance: January 3, 2025 at 11:00am in Courtroom 5A before Judge Christine P. O'Hearn.

☐ The petition dated _____ and filed with the Court on _____ is HEREBY AMENDED.

☐ No Action.

☐ Other.

*Christine P. O'Hearn* (signature)    12/12/24
Signature of Judicial Officer    Date

NJProb 12C/D – page 2  
Richard Tobin

**COURT ACTION TO DATE:**

On May 4, 2023, the Probation Office submitted a *Report on Individual Under Supervision*, advising the Court of Mr. Tobin's non-compliance with payments towards his restitution. On May 4, 2024, the Court endorsed the report, and it was served as an Official Written Reprimand of the Court.

On July 23, 2024, the Probation Office submitted a *Request for Modifying the Conditions or Term of Supervision with Consent of the Individual Under Supervision*, advising the Court of numerous empty beer bottles observed in Mr. Tobin's bedroom. On July 24, 2024, the Court endorsed the report – adding Alcohol/Drug treatment and testing as a special condition.

On August 19, 2021, the Probation Office submitted a *Report on Individual Under Supervision*, advising the Court of Mr. Tobin's positive urinalysis for alcohol and his lack of employment. On August 21, 2024, the Court endorsed the report, and no formal action was taken at that time.

**DETAILS OF VIOLATIONS:**

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The individual under supervision has violated the special supervision condition which states **'You must contribute 150 hours of community service work over a period of 3 years or less, from the date supervision commences. Such service will be without compensation, with the specific work placement to be approved by the U.S. Probation Office.'**<br><br>On February 26, 2021, the Honorable Robert B. Kugler ordered Mr. Tobin to complete 150 hours of community service. Mr. Tobin reports to have completed a certain number of hours working with veterans at a location in Barrington, New Jersey. He could not provide the exact number of hours that he has completed. Mr. Tobin has also failed to provide documentation of these hours.<br><br>To date, Mr. Tobin has completed 0 hours of verified community service.<br><br>The Probation Office has determined this conduct constitutes a **Grade C violation.** |
| 2 | The individual under supervision has violated the standard supervision condition which states **'You must work full-time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.'**<br><br>Mr. Tobin remains unemployed and has also failed to produce documentation of his efforts to secure empyment. Mr. Tobin states that his treatment schedule, transportation issues, and his mental health status preclude him for attaining gainful employment. |

        The Probation Office has determined this conduct constitutes a **Grade C violation.**

3        The individual under supervision has violated the mandatory supervision condition which states **'The defendant shall make restitution in the amount of $7,000.00.'**

        Mr. Tobin was ordered to pay restitution in the amount of $7,000.00 to commence 30 days after his release from confinement. The exact amount of the monthly installments to be determined by the U.S. Probation Office after the commencement of supervision. He has not made a payment since May 7, 2024, which was for $10. A balance of $6,815.28 remains.

        The Probation Office has determined this conduct constitutes a **Grade C violation.**

**INDIVIDUAL UNDER SUPERVISION'S COMMENTS AS TO ALLEGED VIOLATION(S):**

The undersigned addressed each violation with Mr. Tobin.

Violation #1: Mr. Tobin stated that he lacks motivation to complete the community service hours. He states that his mental health concerns also contribute to this non-compliance.

Violation #2: Mr. Tobin stated that due to his treatment schedule, which includes individual and group sessions each week, he could not attain gainful employment.

Violation #3: Mr. Tobin stated that he has no income and thus cannot make restitution payments.

**STATUTORY PROVISIONS AND CASE LAW:**

The individual under supervision's exposure to all penalties is presented in the Appendix.

Pursuant to 18 U.S.C. § 3583(i), the power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the individual under supervision to serve a term of imprisonment and, subject to the limitations in subsection (h) of 18 U.S.C. § 3583, a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation. Reference is made to the Third Circuit's ruling in *U.S. v. Merlino*, 785 F.3d 79 (3rd Cir. 2015).

18 U.S.C. § 3583(e)(3) provides for revocation of a term of supervised release if the court finds by a preponderance of the evidence that the individual under supervision violated a condition of supervised release. Accordingly, the court will require the individual under supervision to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously spent on post-release supervision.

Cases in which the original offense of conviction was committed on or after April 30, 2003, are subject to the provisions of the PROTECT Act (Pub. L 108-21, 117 Stat. 650), which amended 18 U.S.C. § 3583(e)(3) with regard to the custodial exposure upon revocation. The amount of custodial time available to the Court upon revocation is the maximum term authorized at 18 U.S.C. § 3583(e)(3). This available time is not reduced by the custodial time imposed as a result of any prior revocation of supervision. Reference is made to the Third Circuit's ruling in *U.S. v. Williams*, 675 F.3d 275 (3rd Cir. 2012).

Pursuant to 18 U.S.C. § 3583(e)(3), if revoked, Richard Tobin is facing a maximum statutory penalty of two years imprisonment.

Pursuant to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the individual under supervision is required to serve a term of imprisonment, the court may include a requirement that the individual under supervision be placed on a term of supervised release after imprisonment. The amount of time available for reimposition of supervised release in cases in which the original offense of conviction was committed on or after April 30, 2003, is the maximum term of supervision allowed by statute for the original offense of conviction minus any term of imprisonment imposed upon revocation plus custodial time ordered on prior revocations.

**POLICY STATEMENT/GUIDELINE PROVISIONS:**

The individual under supervision's exposure to all penalties is presented in the Appendix.

Pursuant to USSG § 7B1.3(c)(1), in the case of a Grade B or C violation, where the minimum term of imprisonment determined under § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.

Pursuant to USSG § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation will be ordered to be paid or served in addition to the sanction determined under § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

Pursuant to USSG § 7B1.5(b), upon revocation of supervised release, no credit will be given toward any term of imprisonment ordered for time served on post-release supervision.

The U.S. Sentencing Commission has promulgated specific policy with respect to probation and supervised release violations. Pursuant to § 7B1.4(a) of the guidelines, with a Criminal History Category of I and a Grade A violation, the individual under supervision faces a guideline range of 12 to 18 months custody. For a Grade B violation, the individual under supervision faces a guideline range of 4 to 10 months custody. For a Grade C violation, the individual under supervision faces a guideline range of 3 to 9 months custody.

Upon a finding of a Grade C violation, pursuant to USSG § 7Bl.3(a)(2), the court may (A) revoke probation or supervised release or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

I declare under penalty of perjury that the foregoing is true and correct.

NJProb 12C/D – page 5  
Richard Tobin

Respectfully submitted,

SUSAN M. SMALLEY, Chief  
U.S. Probation Officer

By: MATTHEW J. WEBER  
Senior U.S. Probation Officer

/ mjw

APPROVED:

12/10/24

ANTHONY M. STEVENS           Date  
Supervising U.S. Probation Officer

NJProb 12C/D – page 6<br>Richard Tobin

# APPENDIX
## Statutory and guideline exposure

VIOLATION GRADE:           A
CRIMINAL HISTORY CATEGORY:   I

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| CUSTODY: | 2 years | 12-18 months |
| SUPERVISED RELEASE: | Up to 3 years (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) | Up to 3 years (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) |

VIOLATION GRADE:           B
CRIMINAL HISTORY CATEGORY:   I

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| CUSTODY: | 2 years | 4-10 months |
| SUPERVISED RELEASE: | Up to 3 years (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) | Up to 3 years (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) |

VIOLATION GRADE:           C
CRIMINAL HISTORY CATEGORY:   I

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| CUSTODY: | 2 years | 3-9 months |
| SUPERVISED RELEASE: | Up to 3 years (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) | Up to 3 years (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) |